# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALBERT WILLIAMS,**

    **Petitioner,**

vs.                          Case No. 4:04cv496-RH/WCS

**JAMES CROSBY,**

    **Respondent.**

_____/

## ORDER ON LIMITED RESPONSE TO § 2254 PETITION

    This cause is before the court for ruling on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner Williams challenges his conviction and 45 year sentence imposed by the Second Judicial Circuit, Leon County.  Doc. 1.

    Respondent was directed to file an answer or other pleading in response to the § 2254 petition, and Petitioner was given time to file a reply but was not required to do so. Doc. 7.  Respondent filed a response limited to the issue of untimeliness and notice of filing exhibits in support.  Docs. 8 and 9 (hereafter all references to exhibits are to those submitted with doc. 9).  Petitioner did not file a reply.

    There is a one year period of limitation for filing a § 2254 petition, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless a later commencement date

applies.  28 U.S.C. § 2244(d)(1)(A).[1]  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls the one year period.  § 2244(d)(2).

Petitioner was originally sentenced on May 8, 2000, but was resentenced following reversal and remand on January 16, 2002.  Ex. A, pp. 29-45, 78-85.  This judgment was affirmed without opinion on December 5, 2002.  Ex. D.  There is no indication that Petitioner sought rehearing or filed a petition for writ of certiorari.

Respondent asserts that Petitioner's conviction became final on December 31, 2002, when the mandate issued.  Doc. 8, pp. 2-3; Ex. D.  Respondent argues that, because appellate counsel filed an Anders brief,[2] the 90 day period for seeking certiorari does not apply.  Doc. 8, p. 3, n. 3, *citing* Kaufmann v. United States, 282 F.3d 1336 (11th Cir. 2002).

This argument is frivolous.  This defense, which is central to Respondent's memorandum, is relegated to a footnote.  The part of Kaufmann which reasons that the filing of an Anders brief is pertinent to the calculation of time is not cited.  This is because there is nothing in Kaufmann about the filing of an Anders brief.  Kaufmann *allowed* a federal defendant who did not file a petition for writ of certiorari the benefit of the 90 day period.  *See also* Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) (if a petition for writ of certiorari is not filed, a conviction becomes final when the 90 days for seeking certiorari expires).

---

[1] Later possible commencement dates are set forth in § 2244(d)(1)(B), (C), and (D).

[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Respondent does not contend that the rules of appellate procedure preclude the filing of a petition for writ of certiorari when an Anders brief was filed below. This would have been a reasonable premise for this defense. But there does not appear to be any such prohibition. *Cf.* Austin v. United States, 513 U.S. 5, 115 S.Ct. 380, 130 L.Ed.2d 219 (1994) (granting counsel's application for leave to withdraw where Anders brief had been filed, the judgment affirmed, and petitioner asked counsel to file a petition for writ of certiorari on his behalf).

Thus, the judgment at issue in this case became final on March 5, 2003, 90 days after the appellate court affirmed.[3] Petitioner filed a Fla.R.Crim.P. 3.850 motion on December 22, 2003 (the date of mailing).[4] Ex. E, p. 14. As the Rule 3.850 motion was denied and Petitioner appealed, the time was tolled from filing on December 22, 2003, until the appellate court issued its mandate. Day v. Crosby, 391 F.3d 1192, 1192-93 (11th Cir. 2004), *citing* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000). Respondent does not provide the date of the mandate, but rehearing was denied by the appellate court on September 30, 2004. Ex. F. The mandate would have issued on or about October 15, 2004. Fla.R.App.P. 9.340(b) (time for issuance of mandate is extended 15 days from denial of timely motion for rehearing). Petitioner filed his § 2254 petition on December 10, 2004 (the date of mailing).

---

[3] If Respondent has additional authority to support this contention, a motion for reconsideration may be filed within 15 days of the entry of this order.

[4] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it. *See* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Thompson v. State, 761 So.2d 324, 325 (Fla. 2000).

      Between the date the judgment became final (March 5, 2003), and the date Petitioner filed his Rule 3.850 motion (December 22, 2003), excluding those days, 291 days elapsed.  Between the presumed date of the mandate following the denial of collateral relief (October 15, 2004) and the date Petitioner filed his § 2254 petition (December 10, 2004), excluding those days, 55 days elapsed.  A total of 346 days of untolled time elapsed, and the § 2254 petition is timely.

      Accordingly, it is **ORDERED**:

      1.  Respondent shall file an answer to the § 2254 petition no later than **September 16, 2005**.

      2.  Petitioner shall file a response, if any, no later than **October 17, 2005**.

      **DONE AND ORDERED** on July 26, 2005.


                                           s/     William C. Sherrill, Jr.
                                           **WILLIAM C. SHERRILL, JR.**
                                           **UNITED STATES MAGISTRATE JUDGE**